UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

99 MAY 21 PH 4: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL NESMITH, AS PERSONAL    )
REPRESENTATIVE OF CHRISTOPHER   )
MICHAEL NESMITH, DECEASED,      )
                                )
        Plaintiff,              )
                                )
vs.                             )    Civil Action No. CV-98-S-2532-NE
                                )
STEPHEN L. CRABBE, IN HIS       )
OFFICIAL CAPACITY AS SHERIFF    )
OF MORGAN COUNTY, ALABAMA;      )
STATE OF ALABAMA,               )
                                )
        Defendants.             )

ENTERED

MAY 2 1 1999

MEMORANDUM OPINION

This action is before the court on the State of Alabama's motion to dismiss, and Stephen L. Crabbe's motion for judgment on the pleadings. Upon consideration of the pleadings, motions, and briefs, this court concludes that it would not be aided by oral arguments, and this case accordingly is removed from the motion docket scheduled for May 26, 1999.

Plaintiff filed a complaint asserting federal claims based upon 42 U.S.C. § 1983 in the Circuit Court of Morgan County, Alabama, on September 17, 1998. Defendants removed the action to this court pursuant to 28 U.S.C. § 1441(b), on October 6, 1998. (Document No. 1.) Plaintiff alleges that Christopher Michael Nesmith was placed in the Morgan County Jail on June 1, 1996, following his arrest for unlawful possession of a controlled substance and theft. He initially was confined in a large, general

population holding area.  Plaintiff further alleges Christopher
Nesmith was the object of both physical and mental abuse by others
incarcerated in the Morgan County Jail.

On September 18, 1996, jail personnel discovered that Nesmith
had ingested a foreign substance believed to be a form of alcohol.
He was moved for observation and protection to a "drunk tank"
located on the second floor of the jail.  Nesmith hanged himself
while in that cell.

## I. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim
only if it is clear that no relief can be granted under any set of
facts that could be proven consistent with the allegations in the
complaint.  See Hishon v. King & Spalding, 467 U.S. 69, 73, 104
S.Ct. 2229, 81 L.Ed.2d 59 (1984); see also Wright v. Newsome, 795
F.2d 964, 967 (11th Cir. 1986)("[W]e may not ... [dismiss] unless
it appears beyond doubt that the plaintiff can prove no set of
facts in support of the claims in the complaint that would entitle
him or her to relief."); Williams v. City of Montgomery, 21 F.
Supp. 2d 1360, 1363 (M.D. Ala. 1998).  Moreover, the threshold is
"exceedingly low" for a complaint to survive a motion to dismiss
for failure to state a claim.  Williams, 21 F. Supp. 2d at 1363.

Judgment on the pleadings, on the other hand, is appropriate

when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)(citing *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) & citing *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 2916-17, 125 L.Ed.2d 612 (1993)(Scalia, J., dissenting))). The facts set out in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Hawthorne*, 140 F.3d at 1370 (citing *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996); *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978)).[1] Judgment on the pleadings is proper when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne*, 140 F.3d at 1370 (citing *Bankers Insurance Co. v. Florida Residential Property and Casualty Joint Underwriting Association*, 137 F.3d 1293, 1295 (11th Cir. 1998)(citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990); *see also* Fed. R. Civ. P. 12(c))).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

3

## II. DISCUSSION

Plaintiff's claims are based upon 42 U.S.C. § 1983, providing

in pertinent part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity or
> other proper proceeding for redress. ...

The primary areas of focus in cases based upon § 1983 are two:

whether the conduct complained of was committed by a "person"

acting "under color of" state law; and, whether that conduct

deprived plaintiff of rights, privileges, or immunities secured by

the Constitution and laws of the United States. *See, e.g., Parratt*

*v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420

(1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S.

327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Burch v.*

*Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 800

(11th Cir. 1988); *aff'd sub nom. Zinermon v. Burch*, 494 U.S. 113,

110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

A determination of whether each defendant is considered a

"person" subject to suit under § 1983 requires separate discussion.

4

## A. State of Alabama

The Supreme Court held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that states are not "persons" subject to suit under § 1983. The Eleventh Amendment was deemed to have incorporated the common law doctrine of sovereign immunity[2] and thereby bars suits against a state in a federal forum, "unless that State has waived its immunity, ... or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66, 109 S.Ct. 2309-10 (citation omitted). The *Will* Court found that the Reconstruction-era Congress that enacted § 1983 "had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...." *Will*, 491 U.S. at 66, 109 S.Ct. at 2310.

Accordingly, the State of Alabama is not subject to suit under § 1983, and plaintiff's claim against that defendant is due to be dismissed.

---

[2] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." By its terms, therefore, the Amendment "bars only federal-court suits against States by citizens of other States." Fitzpatrick v. Bitzer, 427 U.S. 445, 457, 96 S.Ct. 2666, 2672, 49 L.Ed.2d 614 (1975)(Brennan, J., concurring). Even so, as the *Will* opinion demonstrates, the analysis of that Amendment often is mixed with "the nonconstitutional but ancient doctrine of sovereign immunity...." *Id.*; see also Employees v. Missouri Public Health Dept., 411 U.S. 279, 28-324, 93 S.Ct. 1614, 1624-37, 36 L.Ed.2d 251 (1972)(Brennan, J., dissenting).

5

## B. Sheriff Stephen Crabbe

The ruling in *Will* applies not only to the State of Alabama itself, but also to the State's various departments and agencies. "Where the defendant is an entity other than the state, the suit may nonetheless be barred where the state is the 'real party in interest.'" *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). The same rationale is employed when addressing plaintiff's § 1983 claim against Stephen Crabbe, who is sued "in his official capacity as the Sheriff of Morgan County, Alabama."[3] The 1901 Constitution of the State of Alabama provides that sheriffs are executive officers of the State. Ala. Const. of 1901, Art. V § 112; *see also Turquitt*, 137 F.3d at 1288 (citing *Parker v. Amerson*, 519 So. 2d at 442, 443 (Ala. 1987)). State officials acting in their official capacities are not deemed to be "persons" subject to suit for money damages under § 1983.

Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. ... As such, it is not different from a suit against the State itself.

*Will*, 491 U.S. at 71, 109 S.Ct. at 2312. That result flows in part from the fact that a "judgment against a public servant 'in his official capacity' imposes liability on the entity that he

---

[3] When determining the capacity in which a governmental employee is sued, the court looks "at the complaint and the course of proceedings." Colvin v. McDougall, 62 F.3d 1316, 1317 (11th Cir. 1995).

6

represents," rather than the official individually. *Brandon v.*
*Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878
(1985); *see also Lassiter*, 3 F.3d at 1485 ("Official capacity
actions are deemed to be against the entity of which the officer is
an agent").[4]

Sheriff Stephen Crabbe "in his official capacity as the
Sheriff of Morgan County, Alabama" is not a "person" for purposes
of § 1983 liability. Accordingly, plaintiff's official capacity
claim against Sheriff Crabbe also is due to be dismissed.

An order consistent with this memorandum opinion shall be
entered contemporaneously herewith.

DONE this 21st day of May, 1999.

United States District Judge

---

[4] Note, however, that official capacity action for prospective relief are
not treated as actions against the state. Kentucky v. Graham, 473 U.S. 159, 167
n.14, 105 S.Ct. 3099, 3106 n.14, 87 L.Ed.2d 114 (1985); *Ex parte* Young, 209 U.S.
123, 156, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). "The Eleventh Amendment does
not insulate official capacity defendants from actions seeking prospective
injunctive relief." Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485
(11th Cir. 1993)(*citing* Wu v. Thomas, 863 F.2d 1543, 1550 (11th Cir. 1989), and
Parker v. Williams, 862 F.2d 1471, 1475 (11th Cir. 1989)). *See also* Will v.
Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 2313 n.10,
105 L.Ed.2d 45 (1989), holding that "a state official in his or her official
capacity, when sued for injunctive relief, would be a person under § 1983 because
'official-capacity actions for prospective relief are not treated as actions
against the State'." This is a moot point, however, because plaintiff does not
seek prospective injunctive relief herein.

7